```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                    :
RONNIE WHITE,                                                       :    09-CV-5485 (ARR)(RML)
                                                                    :
                                Plaintiff,                          :    NOT FOR PRINT OR
                                                                    :    ELECTRONIC
        -against-                                                   :    PUBLICATION
                                                                    :
UNITED STATES OF AMERICA,                                           :    OPINION AND ORDER
                                                                    :
                                Defendant.                          :
------------------------------------------------------------------ X
```

ROSS, United States District Judge:

Ronnie White ("White"), filed this pro se motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure[1] seeking the return of items allegedly taken from him in connection with his arrest on May 10, 2006. Specifically, White requests return of his watch, earrings, driver's license, cellular phone, money, and car keys. Because a disposition had been reached in White's underlying criminal case, the court construed the instant motion as a new civil action and directed the government to respond.[2] See Dkt. No. 3. The government moves for summary judgment pursuant to Fed. R. Civ. P. 56. White has not opposed the government's motion. For

---

[1] Fed. R. Crim. P. 41(e) was redesigned Fed. R. Crim. P. 41(g) without substantive change on December 1, 2002. See Fed. R. Crim. P. 41 Advisory Committee Note to the 2002 amendments.

[2] See also Boero v. Drug Enforcement Admin., 111 F.3d 301, 303 n.1 (2d Cir. 1997) (construing submission as a civil claim where criminal proceedings were no longer pending against movant); Rafu v. United States, 20 F.3d 63, 65 (2d Cir. 1994) ("If made after the termination of criminal proceedings against the defendant, as is the case here, such a motion [for return of seized property] should be treated as a civil complaint for equitable relief."); Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. 1992) ("Where criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint.").

the reasons set forth below, the government's motion for summary judgment is granted and this action is dismissed with prejudice.

## BACKGROUND

On May 10, 2006, White was arrested in the parking lot of a White Castle restaurant in Brooklyn, New York, by Bureau of Alcohol, Tobacco, and Firearms ("ATF") agents after he agreed to sell crack cocaine in exchange for twelve firearms. On June 18, 2007, White pleaded guilty to one count of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii). On June 13, 2008, he was sentenced to 120 months imprisonment, five years of supervised release, and a $100 special assessment.

On August 3, 2009, White filed a motion pursuant to Fed. R. Crim. Proc. 41(e)[3] seeking the return of his property allegedly seized on May 10, 2006. In the motion, White alleges that his watch, earrings, driver's license, cellular phone, money, and car keys were taken "from" ATF Special Agent Kenneth Crotty.[4]

The government moved for summary judgment, on January 7, 2010, arguing that it does not have any of the requested property in its possession. The government submitted the affidavit of ATF Special Agent Kenneth Crotty, who participated in plaintiff's arrest, who declared that the items sought by White are not contained in ATF's physical property file or evidence vault. (Crotty Aff. ¶¶ 8-9.) According to Crotty, after White was arrested, ATF agents performed a consensual search of White's Chevrolet Tahoe, and seized from the passenger side door three

---

[3] See supra note 1.

[4] In a nearly identical letter motion dated November 23, 2009 and filed on December 8, 2009, White again sought the return of his seized property.

2

clear plastic bags of a white, rock-like substantive, which later tested positive for the presence of cocaine base. (Crotty Aff. ¶ 5.) In addition, ATF agents seized from White's person, keys belonging to the New York City Housing Authority ("NYCHA"). (Crotty Aff. ¶ 5.) Following White's arrest, the Chevrolet Tahoe was transported to an ATF office in Queens, New York. (Crotty Aff. ¶ 7.) On May 11, 2006, White's female companion, who was inside the Chevrolet Tahoe during the search, picked up the vehicle from the Queens ATF office. (Crotty Aff. ¶ 7.)

Crotty declared that "[a]side from the narcotics evidence and the NYCHA keys, I do not recall agents seizing any other property on or about May 10, 2006 from White or the Chevrolet Tahoe, including a watch, earrings, driver's license, cellular telephone, money or car keys." (Crotty Aff. ¶ 10.) Crotty declared that on December 14, 2008, he reviewed inventory records reflecting the evidence contained in the ATF evidence vault in connection with White's arrest, revealing that the narcotics were the only items seized from White. (Crotty Aff. ¶ 8.) On the same day, Crotty reviewed the physical file associated with White's arrest, which contained only the seized NYCHA keys. (Crotty Aff. ¶ 9.) Crotty declared: "I did not observe a watch, earrings, driver's license, cellular telephone, money or car keys contained in the [physical] file." (Crotty Aff. ¶ 9.)

White received three extensions of time to file a response, and failed to reply by the court's final deadline of May 30, 2010.

## DISCUSSION

I.  Standard of Review

Summary judgment should be granted if there is no genuine issue as to any material fact requiring resolution by trial and the moving party is entitled to judgment as a matter of law. Fed.

3

R. Civ. P. 56(c); see also Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997) (quoting Anderson, 477 U.S. at 248); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Celotex Corp. v. Cadrett, 477 U.S. 317, 322 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000).

"[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co., 475 U.S. at 586-87. In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagra Mohawk Power Corp. v. Jones Chemical, Inc., 315 F.3d 171, 175 (2d Cir. 2003). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252). However, the court liberally reviews pro se submissions "to raise the strongest arguments that they suggest." Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003) (internal quotation marks omitted).

4

II.   Analysis

It is well settled that the district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. See Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994); Soviero v. United States, 967 F.2d 791, 792 (2d Cir. 1992). A motion for return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure is treated as a claim for civil equitable relief. See Boero v. Drug Enforcement Admin., 111 F.3d 301, 303 n.1 (2d Cir. 1997); Rafu, 20 F.3d at 65; Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. 1992). In cases where the property is still in the government's possession, the district court may order the return of the property to its rightful owner.

However, in a situation where property has been lost, destroyed or is otherwise not available for return, "equitable jurisdiction does not permit courts to order the United States to pay money damages . . . " Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2204). The federal government is protected from paying such monetary awards by the doctrine of sovereign immunity.[5] See id. Therefore, where a plaintiff seeks return of property that has become unavailable for return, and the United States has not waived its sovereign immunity against such claim and consented to be sued for money damages, the claim for return of property must be dismissed. See, e.g., Bokel v. United States, No. 06-CV-2849(SLT)(LB), 2008 WL 899404, at *2, *8 (E.D.N.Y. Apr. 3, 2008); Hung v. United States, No. 02-CV-6795(SJ), 2007 WL

---

[5] The Second Circuit concluded: "[A]lthough we continue to . . . recognize federal equitable jurisdiction to order the return of property pursuant to Rule 41(g) even after the conclusion of criminal proceedings, we here clarify that such equitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2204).

5

1987749, at *2 (E.D.N.Y. July 3, 2007); Rosario v. United States, No. 04-CV-910(NG), 2006 WL 721360, at *3 (E.D.N.Y. Mar. 20, 2006); Mendez v. United States, No. 05-CV-1486(SJ), 2005 WL 2175903, at *2 (E.D.N.Y. Sept. 8, 2005).

In this case, White seeks the return of personal items he claims were seized from him at the time of his May 10, 2006 arrest. However, the government has submitted a sworn affidavit from Special Agent Crotty asserting that the personal items requested by White are not currently in ATF's possession, and that ATF has no documents indicating that the government ever seized these items from White. Under Adeleke and its progeny, it does not matter whether plaintiff is right and the government took his property but now likely lost it or whether the United States is right and plaintiff's property was not seized. Plaintiff has not and cannot dispute the government's factual assertion that it does not currently possess plaintiff's property. Since the government does not now have White's property in its possession and has not expressly waived its immunity from suit, this court lacks subject matter jurisdiction over the plaintiff's equitable motion. Therefore, plaintiff's motion for return of property must be dismissed.

Assuming that White also asked the court to grant monetary relief under the Federal Tort Claims Act or the Tucker Act for his lost property, the claims would fail. The Federal Tort Claims Act waives the United States' sovereign immunity for claims arising out of torts committed by federal employees. 28 U.S.C. § 1346(b)(1). The waiver of sovereign immunity does not apply to claims arising from the detention of property by "any officer of customs or

excise or any other law enforcement officer," which includes ATF agents. See 28 U.S.C. § 2680; Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 216 (2008).[6]

The Tucker Act waives the sovereign immunity of the United States for non-tort claims, and confers jurisdiction in the Court of Federal Claims over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). The Little Tucker Act confers concurrent jurisdiction upon district courts when the damage claim is $10,000 or less. 28 U.S.C. § 1346(a)(2). These statutes create no substantive rights for money damages enforceable against the United States. Rather, "the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (internal quotation marks and citation omitted). The Court of Federal Claims has made it clear that "except for the taking clause of the fifth amendment, the other amendments [to the Constitution] do not require the United States to pay money for their alleged violation." Maracalin v. United States, 52 Fed. Cl. 736, 744 (Fed. Cl. 2002) (citing Elkins v. United States, 229 Ct. Cl. 607, 608 (1981)). The Second Circuit has recognized that "the Court of Claims lacks jurisdiction to resolve a claim that property was forfeited unconstitutionally," Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647, 652 n. 3 (2d Cir. 1998), including a claim against the United States arising out of Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See id. at 651-52; see also Mendez v. United States, No.

---

[6] In addition, White could not recover under the Federal Tort Claims Act because he has not filed an administrative claim with the appropriate agency before commencing the instant action. See 28 U.S.C. § 2675(a).

7

99-CV-3496(JFK), 2005 WL 1208512, at *3 (S.D.N.Y. May 19, 2005) (claim under Tucker Act based on supposed violation of due process rights of Fifth Amendment not available against the DEA because <u>Bivens</u> does not allow suit against federal agencies). Thus, if White's claim was grounded on a supposed violation of his due process rights, the Tucker Act provides no basis upon which relief can be granted.

## CONCLUSION

For the reasons described above, the government's motion for summary judgment is granted and this action is dismissed with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: June 4, 2010
       Brooklyn, New York

SERVICE LIST:

*Pro Se Plaintiff*
Ronnie White
No. 63959-053
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

*Government*
Celia Cohen, Esq.
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza
Brooklyn, NY 11201

cc: Magistrate Judge Robert M. Levy